Livingston,
 
 J.
 

 delivered the opinión of the Court as follows:
 

 This is an action of trespass* brought in the Supreme Judicial Court of the commonwealth of Massachusetts, for taking, carrying away alyl destroying a certain schooner called the Friendship, witlrher carao, belonging to the Plaintiff below.
 

 The declaration is in common form. The Defendant pleaded that, as deputy collector for the" district of Barnstable, he detained and removed from the. port and harbor of Provincetown to the port and harbor of Barnstable, the said vessel and cargó, that they might be ¡gecurely kept; the said schooner, and. car^o, .at the time of such' detention, lying in the said harbor of Provincetown, within the district aforesaid, ostensibly bound to some other port of the United States, with an irtcnt; in the opinion of the Defendant, to violate or evade the provisions of the embargo laws. He further pleaded that he caused the said vessel to be detained so that the decision of the president of the United States might pe had thereon, who; afterwards, upon his report and re; presentation, did approve and confirm the said detention.
 

 The Plaintiff repíiés that the' Defendant committed the trespass of his own wrong,, and without any such cause, &c. Issue being joined thereon.
 

 On a bill of exceptions taken, to. the charge of the Court, the following facts appear to.have been, given in evidence i That the schooner in question* in the month of December, 1808, was.Iying at Provihcetown, wholly loaded with cod-fish. She had also a barrel of beef* a number of small stores and groceries, with three or four barrels of water, and a number of kegs of pickled lobsters. . That an inspector of the customs, seéing the Friendship in this situation, and judging that the groceries were sufficient for the crew of such a vessel for thirty days, and having no doubt of her being bound to sea, gave information of such, his suspicions, to the collector, who a written order to one Ganett to detain
 
 *354
 
 and to bring her into the port of Barnstable, and there, secure her in the best manner possible. That Ganett proceeded to Provincetown with about thirty men, and the said, vessel to Barnstable, about ten leagues, by -water; but when attempting to come up to a wharf, she accidentally, ran-pn to a point of land which projected into the water, and there stuck fast. That she could not be got off during that tide which soon left her; and the weather was very cold, and the harbor was frozen up for a long time, so that the schooner could not be removed. That the Defendant gave notice, by letter, to the' secretary of the treasury of the- United States, of the detention of said vessel, stating, at the same time, his reasons for believing that « she was evidently intended for a foreign port';” which detention was approved of and confirmed by the president. That, as soon as the weather would permit, which was in the month of March following, the Defendant caused the said schooner to be brought ,to- a wharf, and unloaded and secured the cargo. That about 60 or 70 quintals of fish were damaged, and the rest in good order. There was, also, evidence, on the part of the Plaintiff, to prove that the Friendship was actually bound to Boston, and the extent of the injury which his property hfid sustained.
 

 The Court charged the jury that the several matters and things so given in evidence by the'Defendant « did « not, in law, maintain the issue aforesaid on his part; « and also that it was the duty of the collector, as col«lector, to have used reasonable care in ascertaining “ the facts on which to form an. opinion, and to trans- « mit to the president a statement pf those facts for ins « decision.” On an exception to the charge, the cause now comes before us, it having been removed into this Court under the 25th section of the judiciary act; and whether it were- correct or not, is the question which is now to be decided.
 

 This seizure'was made'under the llth section of the . act of the 25th of April, 1808,
 
 vol. 9, p.
 
 150, which'provides « That the collectors of the customs be and they « are hefcby respectively authorized %o detain any ves-. sel ostensibly bound with a. cargo to’ some other port “ of the United States, whenever, in their opinions, the
 
 *355
 

 *s
 
 intention is to violate or evade any of the provisions « of the acts laying an embargo, until the. decision of
 
 “
 
 the president of the United States be had thereupon.”
 

 Thfe issue tendered by the Defendant, and on which the parties went to tri^l, was whether the vessel and Cargo were detained because, in the opinion of the Defendant, she intended, although ostensibly bound to a port in the United States, to violate or evade the provisions of the embargo laws; and whether the vessel was removed to Barnstable that she might be securely kept until the decision of the president was known.
 

 If there were any evidence to prove this issue, it should have been left to the jury to draw their own conclusions. If the Defendant had taken upon himself to say that the vessel did intend to violate the embargo laws, and that such removal was absolutely necessary for her secure detention, such charge would have been less exceptionable; but that it was the opinion of the collector that such violation was in contemplation, and that such removal was for the purpose, of securing the vessel, which were the facts in issue, might very well have been inferred the jury from the evidence before them. Indeed, it would have been difficult for them to have come to a different conclusion | for the collector, from the information which he received, could scarcely fail to form the opinion he
 
 did;
 
 and there was no evidence whatever to induce them to believe that she could have been removed to Barnstable, considering the care which was taken of her during her removal and after-her arrival there, for any other purpose but for that alleged in the plea. In this particular, then, it is the opinion of a majority of the Court that the charge was erroneous.
 

 The charge is deemed incorrect in another respect. The jury are tpld that it was the collector’s duty to have used reasonable care in ascertaining the facts on which to form an opinion
 

 This instruction implies that the collector is liable if he form an incorrect opinion, or if, in tine opinion of the jury, it shall have been made unadvisedly or without reasonable care and diligence. But the law exposes
 
 *356
 
 his conduct to no such scrutiny. If it. did, no public officer would be'hardy enough to act under it. If the jury believed that he honestly entertained the opinion which he acted, although they might think it incorrect and formed hastily or without sufficient grounds, he would be entitled to their protection. Such was the -opinion of this Court in the case of
 
 Crowell and Hawes v. M‘Faddon,
 
 decided at the last term. This does not preclude proof, on the part of the Plaintiffs, showing malice or other circumstances which may impeach the Integrity of the transaction. The jury, then, were misled when their attention was. drawn from the fact whether the Defendant really' entertained such opinion, and were directed, to enquire "into the reasonable care with which it was formed, which left them at liberty to find a vérdict against the Defendant, however honestly and fairly ho may have acted.
 

 It is the opinion of the Court that the judgment of the Supreme Judicial Court of Massachusetts must, for the reasons assigned, be reversed, and thercause be remanded, for further proceedings.
 

 Marshauu,
 
 Ck. J.
 

 after.statirig the facts of the case, delivered his separate opinion as follows:-
 

 As this Court can notice no other error than such as may be founded on a miscoristruction of the act of congress under which the Defendant justified the taking and carrying away charged in the declaration, the charge of the judge can be considered so far only as it respects that act.
 

 The section to which the plea refers is in these words ¡ s< Be it enacted,” &c.
 

 In construing this law it has already been decided in this Court that the collector is not liable for the detention of a vessel
 
 “
 
 ostensibly bound, with a cargo, to if some other port of the United States whenever, in his
 
 u
 
 «pinion, the intention is to violate or evade any of the « provisions of the acts laying an embargo, until the de
 
 si
 
 cisión of the president of the United States be had
 
 “
 
 thereon.” For the correctness of this opinion he is pot responsible. If, In triith, he has formed it, his duty
 
 *357
 
 obliges him to act upon it; and when the law affords Mm no other guide than his osyn judgment, and declares that judgment, to be conclusive in the case it must cotystitnto his protection, although it be erroneous. The legislature did not intend to expose the collector to the .hazard of being obliged to show that he had probable cause for the opinion he had formed, If, in reality, he had formed it, the law justifies him for acting upoir it. If it can be proved, either from the gross oppression of the case, or from other proper testimony, that the collector did not in fact entertain the opinion under which he professed to act, some doubt may be entertained of Ins being justified by the law; but if the opinion avowed was real, though mistaken, a detention under that opinion is lawful.
 

 But the act of congress authorizes only a detention of the vessel, not its removal. The collector did remove the vessel from one harbor into another, a distance of about thirty miles by water, and in this' removal the in-’ jury was sustained. As an independent act tin’s proceeding is not justified by the law. It was the duty .of the collector to detain the vessel; and all acts which wore necessary, as means to the end, were lawful; but unless this removal was necessary for the .purpose of detention, it is not protected by the law.
 

 The cliarse of the judge will now be examined.
 

 He instructed the jury «that the several matters and *< things so given in evidence by the said William Otis, u did not in law maintain the issue on his part.”
 

 If this instruction could be understood as conveying to the jury a)) opinion that Otis had not justified the detention of the vessel, the Court would feel no hesitation in pronouncing it erroneous. But it was necessary for. Otis to justify the
 
 removal
 
 as well as the detention, and
 
 he
 
 could only justify the removal by showing that it was necessary to a secure detention. Had ho o tiered any testimony whateyer to this point, it might have been incumbent on the judge to submit that testimony to the jury. But he has offered no testimony whatever to it. This Court therefore cannot say that the judge of the state Court has erred in saying that the matters and things
 
 *358
 
 given in evidence by the said William Otis, did not in law support his plea. Certainly they did nbt make out a justificatión under the act of congress.
 

 The judge further instructed thejury " that it was the "duty of the collector, as collector, to have used reasonable care in ascertaining the facts on which to form " an opinion, and to transmit to the president a state"rnent of those facts for his decision.1”
 

 The act authorizes the collector to detain a vessel on his own mere suspicion, " until the decision of the,President of the United States, be had thereupon.”
 

 On what is the decision of the President to be had ? Clearly on the further detention of the vessel, and on the future proceedings of the collector respecting her. Whenever the president acts, he is expected to act upon information; and from whom, in this instance, is his information to be derived? Unquestionably from the collector. The-law does not indeed say in terms thatthc collector "shall take reasonable care in ascertaining the facts,” or that he shall afterwards communicate those facts correctly
 
 to the
 
 president,' and if this be not a fair and necessary construction of the act, the judge has misconstrued the law, and his judgment ought to be reversed. But it seems to be an inference which must be drawn from the words of the law. It follows necessarily from the duties of forming ah opinion and of communicating that opinion to the president for his decision in the case, that reasonable care ought to bp used in collecting the facts to be stated to -the president and that the statement ought to be made.
 

 I cannot say that the Court of Massachusetts has erred in its construction of the act óf congress under which the Defendant justifies the- trespass alledged in the de-, elaratioiu